PER CURIAM.
These appeals involve two disciplinary suspensions issued against the appellant, Barbara C. Miller, and Miller’s attempts to obtain reinstatement. For the reasons discussed below, we remand these cases to the Disciplinary Board of the Alabama 'State Bar.
On May 19, 1995, the Disciplinary Board conducted a hearing concerning a variety of disciplinary complaints pending against Miller. At that hearing, Miller pleaded guilty to two charges of attorney misconduct and agreed to a 90-day suspension; in exchange, the State Bar agreed to dismiss the remaining charges.
On May 25, 1995, the Disciplinary Board issued an order suspending Miller for 90 days, “effective not sooner than June 19, 1995.”[1] The Disciplinary Board’s order also stated that it would become effective “upon the issuance of an order approving same by the Alabama Supreme Court.” On June 21, 1995, this Court, in response to a request from the State Bar, issued an order suspending Miller from the practice of law for 90 days, again effective June 19,1995.
Throughout her disciplinary proceedings, Miller has contended that the Disciplinary Board’s May 25, 1995, suspension order was ambiguous in regard to exactly when her suspension was to begin; indeed, the Bar’s general counsel, during the oral arguments of these cases, indicated that the May 25, 1995, order might have been “handled a little inartfully.” In addition, during oral argument, Miller asserted that she did not receive a copy of the Disciplinary Board’s order until July 1995 and that she began to comply with the suspension order at that point. Miller did acknowledge that she received this Court’s June 21, 1995, order in a timely manner.
On October 18, 1995, the Disciplinary Board, in a separate proceeding, suspended-Miller for 91 days,[2] on the ground that Miller had engaged in the unauthorized practice of law by continuing to represent her clients in violation of this Court’s June 21, 1995, suspension order that had affirmed the Disciplinary Order dated May 25, 1995.[3] Miller appealed her 91-day suspension to this Court. This Court, without writing an opinion, affirmed the suspension order on September 6, 1996. Miller v. Alabama State Bar, 681 So.2d 646 (Ala.1996) (table). Miller filed an application for rehearing, which was denied on March 28, 1997. Miller v. Alabama State Bar, 696 So.2d 301 (Ala.1997) *919 (table), cert. denied, — U.S. -, 118 S.Ct. 159, 139 L.Ed.2d 104 (1997). After this Court denied Miller’s application for rehearing, the State Bar requested an order from this Court suspending Miller for 91 days. This Court issued that order, effective May 9,1997.
On April 8, 1997, approximately a month before this Court issued its May 9, 1997, suspension order, Miller attempted to file a petition for reinstatement -with the State Bar, pursuant to Rule 28, Alabama Rules of Disciplinary Procedure. In her petition, Miller asserted that she had served her 91-day suspension from September 6, 1996, when this Court initially affirmed her suspension, to December 7,1996. The State Bar did not accept Miller’s petition. Instead, it notified Miller that her suspension would not become effective until this Court issued an order of suspension based on the Disciplinary Board’s decision and, the State Bar informed her that it would accept her petition for reinstatement after her suspension had been served. As explained above, this Court issued its suspension order on May 9, 1997. At oral argument, Miller stated that she had filed another petition for reinstatement on August 22, 1997, but that the State Bar had failed to conduct a hearing to consider that petition. The State Bar concedes that it has not addressed Miller’s petition for reinstatement.[4]
Miller argues that the State Bar has improperly failed to consider her petition for reinstatement; she also raises other charges against the Bar that we do not address at this time in this opinion.[5] Because Miller’s petition for reinstatement is currently pending before the State Bar, we elect not to grant Miller the ultimate relief she seeks at this time, but we point out that it has been over five months since this Court issued its 91-day suspension order. In addition, the State Bar has been in possession of Miller’s second petition for reinstatement for over 10 weeks, and we note that Rule 28(e), Ala. R. Disc. P., provides, in part, that “the Chairman shall promptly set [a] petition [for reinstatement] for a hearing.”[6] We further note that during oral argument Miller stated that, since May 9, 1997, she.had suspended her practice for a total of 151 days as of the date of oral argument, October 7, 1997, and that this 151 days did not include the 90-day initial suspension or the 91-day second suspension.[7] This claim, while not admitted by the State Bar, was not controverted.
Based on what is before us at this time, and upon consideration of the oral arguments of both parties, we remand this case to the State Bar with directions to set a hearing on Miller’s reinstatement petition within 14 days from the date of this order. In view of the fact that Miller was suspended for 91 days for continuing to practice law while suspended, and in view of the fact that general counsel for the State Bar stated at oral argument that the initial order might have been “handled a little inartfully,” we direct the State Bar, if it does not reinstate Miller unconditionally, to show cause, within seven days after the conclusion of the reinstatement hearing, why it did not reinstate Miller, the showing to include at least the following in support of its decision not to reinstate Miller unconditionally: (1) a finding of fact, supported by evidence, that Miller “knew or should have known” that she had violated the initial suspension order; and (2) a record of the proceedings on remand, a *920 transcript of the hearing, and any evidence taken or considered at the hearing.
REMANDED WITH DIRECTIONS.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, COOK, BUTTS, and SEE, JJ., concur.

.During oral argument of these cases, general counsel for the State Bar indicated that the delay between the date of the hearing and the effective date of the suspension was included at the request of Miller’s counsel at the hearing in order to provide Miller a period in which she could resolve any pending client business.

. Under Rule 8(b), Alabama Rules of Disciplinary Procedure, a lawyer suspended for more than 90 days must file a petition for reinstatement.

. This alleged violation took place from the end of June 1995 through the end of July 1995, when, Miller states, she began to serve her 90-day suspension.

. We note that the State Bar acknowledged that Miller had filed a petition for reinstatement in August 1997.

. Miller makes two additional arguments at this time. First, she challenges the propriety of this Court’s May 9, 1997, suspension order. Second, she asks this Court to order the State Bar to dismiss another disciplinary complaint, arguing that a dismissal is required by her May 19, 1995, plea agreement. In light of our disposition of this case, we do not address these issues at the present time.

. At oral argument, the State Bar indicated that it had delayed consideration of Miller’s request for reinstatement because she had failed to pay certain costs associated with past disciplinary actions; however, the State Bar did indicate that, in accordance with Rule 28(f), it had published a notice stating that Miller had applied for reinstatement.

. Miller claims that she voluntarily suspended her practice from September 6 through December 7, 1996.